UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Maxine Patterson,                                                 Case No. 3:19-cv-1704

          Plaintiff,

v.                                                           MEMORANDUM OPINION
                                                                AND ORDER

United States of America,

          Defendant.

## I.     INTRODUCTION AND BACKGROUND

Plaintiff Maxine Patterson initiated this litigation in the Toledo, Ohio Municipal Court, Small Claims Division. (Doc. No. 1-1). Her pro se complaint alleges that, on May 14, 2018, Dr. Edna Jean, a podiatrist employed by the Neighborhood Health Association of Toledo, Inc. ("NHA"), gave her shots in her toes which caused her toes to go numb and turn black. (*Id.* at 1). The government certified that the NHA was eligible for malpractice coverage under the Federal Tort Claims Act ("FTCA"), and that Dr. Jean was acting within the scope of her employment at the time of the incident in question. (*See* Doc. No. 6 at 2). The government removed the case to this court and was substituted as the defendant in place of Dr. Jean.

The government then moved to dismiss, arguing Patterson's medical malpractice claim is barred by the FTCA because Patterson did not first pursue her administrative remedies. (*Id.* at 5-6). I granted Patterson's motion for the appointment of counsel, and Steve Hartman graciously accepted the appointment to represent Patterson pro bono. (Doc. No. 9). Counsel argued the

allegations contained in the complaint must be liberally construed, in light of the fact Patterson was acting pro se when she filed the complaint, and that even if Patterson's medical-negligence claim is barred by the FTCA, the complaint can be read as stating a claim for battery or for failure to obtained informed consent. (Doc. No. 13 at 1-2). The government filed a brief in reply, arguing an informed-consent claim also would be barred by Patterson's failure to pursue her administrative remedies, and that the United States has not waived its sovereign immunity for battery claims and therefore the case should be dismissed for lack of subject matter jurisdiction. (Doc. No. 14). For the reasons stated below, I grant Defendant's motion.

## II. STANDARD

A party may move to dismiss claims alleged against it for lack of subject matter jurisdiction by filing a motion under Rule 12. Fed. R. Civ. P. 12(b)(1). A court lacks subject matter jurisdiction over a plaintiff's claims if those claims are not ripe for review. *Bigelow v. Michigan Dep't of Nat'l Res.*, 970 F.2d 154, 157 (6th Cir. 1992). Defendants may make either a facial or a factual attack on subject matter jurisdiction under Rule 12(b)(1). *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A defendant's facial attack on the ripeness of the plaintiff's claims asserts the allegations of the complaint do not establish subject matter jurisdiction and implicates a similar standard of review as a Rule 12(b)(6) motion. *Id.*

When weighing a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In ruling on a motion to dismiss, a court may consider public records as well as documents attached to the motion to

dismiss if those documents "are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), abrogated on other grounds by *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

### III.   ANALYSIS

The United States has "waived its sovereign immunity to suits for tort actions under the FTCA, but only insofar as the plaintiff has exhausted [her] administrative remedies." *Blakely v. United States*, 276 F.3d 853, 864 (6th Cir. 2002) (citing 28 U.S.C. § 2675(a)). A plaintiff exhausts her administrative remedies by submitting written notification of the incident as well as a claim for monetary damages. *Lundstrum v. Lyng*, 954 F.2d 1142, 1145 (6th Cir. 1991).

Patterson acknowledges she has not filed an administrative claim based upon her treatment by Dr. Jean. (Doc. No. 13).

Nor could she pursue her medical-negligence or battery claims by initiating her administrative remedies now. Patterson represents the incident with Dr. Jean occurred on May 14, 2018. (Doc. No. 1-1 at 1). More than two years have passed and Patterson's window to file an administrative action thus is closed. *See* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . .").

Therefore, I conclude this Court lacks subject matter jurisdiction to hear Patterson's claims because she has not presented them to the appropriate agency of the United States.

### IV.   CONCLUSION

For the reasons stated above, I grant Defendant's motion, (Doc. No. 6), and dismiss Patterson's claims for lack of subject matter jurisdiction.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
